# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 22-0282 (02) |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| KAVIN DEWAYNE STEADMAN | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is a Motion for Order Finding Waiver of Attorney-Client Privilege [Record Document 325] filed by the United States of America ("the Government").

The Defendant, Kavin Dewayne Steadman ("Steadman"), previously filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Record Document 321. Therein, Steadman alleges that his defense counsel, Kathryn Cooper, provided ineffective assistance of counsel. *See id.*

By filing a motion to vacate a conviction based on the ineffective assistance of counsel, a defendant waives the corresponding attorney-client privilege with respect to those claims. *See United States v. Ballard*, 779 F.2d 287, 292 (5th Cir. 1986). "A lawyer may reveal otherwise privileged communications from his clients in order . . . to defend himself against charges of improper conduct without violating the ethical rules of confidentiality or attorney-client privilege." *Id.*

This concept applies in habeas proceedings. "The rationale is straightforward: 'when a habeas petitioner claims that he received ineffective assistance of counsel, he puts communications between himself and his attorney directly in issue, and thus by implication waives the attorney-client privilege with respect to those communications.'"

*United States v. Lightfoot*, No. 17-0274, 2025 WL 662414, at *1 (W.D. La. Feb. 28, 2025) (quoting *United States v. Pinson*, 584 F.3d 972, 977-78 (10th Cir. 2009)).

In this case, Steadman states that his attorney provided ineffective assistance of counsel for several reasons and requests that his sentence be vacated based on her alleged ineffective assistance. *See* Record Document 321. This places the communications between Steadman and his counsel directly in issue. As such, Steadman's attorney-client privilege has been waived with respect to his claims of ineffective assistance of counsel raised in his 28 U.S.C. § 2255 motion.

Accordingly, the Government's motion [Record Document 325] is hereby **GRANTED**.

Attorney Kathryn Cooper is **ORDERED** to disclose to the Government and to the Court all communications with Steadman concerning the events and facts related to Steadman's claims of ineffective assistance of counsel presented in his 28 U.S.C. § 2255 motion.

Additionally, attorney Kathryn Cooper is **FURTHER ORDERED** to provide the Government and the Court with all relevant documents and a declaration addressing all communications with Steadman that relate to the ineffective assistance of counsel claims presented in his 28 U.S.C. § 2255 motion.

**THUS DONE AND SIGNED**, this 7th day of January, 2026.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE