**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 22-0282 (02) |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| KAVIN DEWAYNE STEADMAN | MAGISTRATE JUDGE HORNSBY |

# MEMORANDUM RULING

Before the Court is a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Record Document 321] filed by the Defendant, Kavin Dewayne Steadman ("Steadman"). Therein, Steadman argues he is entitled to relief based on ineffective assistance of counsel, including his counsel's failure to prosecute a direct appeal of his conviction. *See* Record Document 321 at 19-25. The Government responded to Steadman's motion and suggested "the defendant may be entitled to relief." Record Document 336 at 9. The Government recommended that the Court dismiss Steadman's 28 U.S.C. § 2255 motion without prejudice, grant an out-of-time appeal, and reinstate the criminal judgment on the docket to allow Steadman to pursue a direct appeal. *See id.* For the following reasons, the Court agrees with the Government's recommendation.[1]

[1] Steadman also filed a motion concerning his reply brief deadline [Record Document 339] wherein he concurs with the Government's position. Steadman requests that the Court defer his reply brief deadline unless it intends to resolve his 28 U.S.C. § 2255 motion on grounds other than those articulated by the Government. Because the Court agrees with the Government's position, a reply brief is unnecessary. Steadman's motion [Record Document 339] is **DENIED AS MOOT**.

## Background Information

On September 26, 2023, Steadman entered a guilty plea to Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Crack Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1) and Wire Fraud in violation of 18 U.S.C. § 1343 (Count 13). *See* Record Document 188. An initial sentencing hearing was held on July 15, 2024. *See* Record Document 263. However, the judgment was vacated after the Court determined there was a suspected error in the drug quantity attributed to Steadman. *See* Record Document 271. Steadman was re-sentenced on August 9, 2024, to 235 months of imprisonment followed by five years of supervised release, and the judgment of conviction was signed on August 15, 2024. *See* Record Documents 283 & 286.

Steadman was represented by retained counsel Kathryn Cooper ("Cooper") during his change of plea hearing, initial sentencing, and re-sentencing. Following Steadman's re-sentencing hearing, Cooper timely filed a Notice of Appeal on Steadman's behalf, but she did not pay the filing fee. *See* Record Document 289. In a letter to Cooper dated September 3, 2024, the Clerk of Court for the Western District of Louisiana noted that a payment of $605.00 was required to perfect Steadman's appeal. *See* Record Document 290. The Clerk requested remittal of the fee or the completion of an attached application to proceed *in forma pauperis*, if applicable. *See id.*

On September 4, 2024, the Clerk of Court for the Western District of Louisiana sent an electronic notification to Cooper which provided notice that the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") required the completion of a transcript order form whether or not transcripts are necessary pursuant to Federal Rule

of Appellate Procedure 10(b). On September 24, 2024, the Fifth Circuit dismissed Steadman's appeal for want of prosecution, noting that Steadman "failed to timely pay the appellate filing fee, order transcripts and make financial arrangements with the court reporter." Record Document 293 at 2.

Given the circumstances surrounding the dismissal of Steadman's appeal, a response from Cooper was required to evaluate the merits of Steadman's § 2255 motion. On January 7, 2026, the Court issued a Memorandum Order granting the Government's motion to find a waiver of the attorney-client relationship between Steadman and Cooper regarding these matters. *See* Record Document 327. Therein, the Court noted that by filing a motion to vacate his conviction based on ineffective assistance of counsel, Steadman had waived his attorney-client privilege with respect to such claims. *See id.* at 1 (citing *United States v. Ballard*, 779 F.2d 287, 292 (5th Cir. 1986)). The Court ordered Cooper to disclose all communications with Steadman concerning the events and facts related to his claims for ineffective assistance of counsel, and to provide all documents and a declaration concerning the same. *See id.* at 2.

Cooper complied with the Court's request and provided a declaration describing her communications with Steadman. *See* Record Document 336-2. Therein, Cooper states that she was retained by Steadman on May 17, 2023, to represent him at the district court level. *See id.* at 1. Cooper notes that during a September 18, 2023, meeting with Steadman she told him there was a balance on his account that needed to be paid. *See id.* at 1-2. However, the balance on his account was not paid. *See id.* at 2. Cooper

states that despite the lack of payment, she filed objections to the presentence report and a presentencing memorandum. *See id.*

Cooper notes that prior to Steadman's July 15, 2024, sentencing hearing she discussed the appeal process with Steadman and explained that her continued representation on appeal would require a new contract. *See id.* In addition, Cooper recalls that during the initial July 15, 2024, sentencing hearing and the August 9, 2024, re-sentencing hearing the Court advised that Steadman could appeal the sentence, and Cooper could withdraw and a public defender would be appointed to represent Steadman. *See id.*

The Court notes that during Steadman's August 9, 2024, re-sentencing hearing, the Court made the following statement concerning appellate representation:

> Mr. Steadman, you have a right to appeal this sentence, and if a notice of appeal is filed for a review of sentence, the clerk is directed to transmit the presentence report under seal to the Court of Appeals. And should you wish to appeal, Ms. Cooper shall file the notice of appeal on your behalf. But if she does not provide representation after filing the notice of appeal, she should formally withdraw and the Federal Public Defender's Office will appoint another attorney to represent the defendant concerning the appeal.

*See* Record Document 331 at 59.

Cooper states in her declaration that she filed a Notice of Appeal on August 30, 2024, to preserve Steadman's right to appeal. *See* Record Document 336-2 at 3. But she did so without successfully communicating with Steadman or his family members to determine whether Steadman wanted her to continue her representation on appeal or if he preferred for her to withdraw so that a public defender could be appointed. *See id.*

Thereafter, Cooper states that she attempted to reach out to Steadman by contacting Bossier Medium Correctional facility on September 5, 2024, but was told Steadman was no longer there. *See id.* The same day, Cooper contacted Oakdale Federal Correctional Institute ("Oakdale") by email to request a meeting with Steadman to coordinate his next steps and provide him with a copy of his file, however, no response was received. *See id.* Cooper states that she followed up with Oakdale on September 19, and September 26, 2024, and was told that her request had been forwarded to the appropriate department and someone would be in touch to schedule a legal call. *See id.* at 3-4. However, she never heard back from Oakdale. *See id.* at 4. Cooper states that despite her efforts, she was unable to communicate with Steadman or members of his family after his re-sentencing hearing on August 9, 2024. *See id.*

Steadman submitted a declaration with his 28 U.S.C. § 2255 motion, which contains his version of the events surrounding his appeal. *See* Record Document 321-1. Steadman states that he told Cooper he wanted to appeal during his sentencing hearing, and the Court stated that Cooper would file the Notice of Appeal on his behalf. *See id.* at 3. Steadman maintains that after Cooper filed the Notice of Appeal, she never communicated with him about his appeal, and she did not respond to his or his family members' attempts to contact her. *See id.* at 4. Steadman states he was unaware that Cooper was not pursuing his appeal until he received notice that the Fifth Circuit had dismissed his appeal for want of prosecution based on Cooper's failure to pay the filing fee, order transcripts, or make financial arrangements with the court reporter. *See id.*

Steadman maintains that he never instructed Cooper to abandon his appeal, and he believed his appeal was being pursued. *See id.*

The Court notes for the record that Cooper did not file a motion to withdraw her representation of Steadman with this Court or the Fifth Circuit prior to the dismissal of Steadman's appeal.[2]

**Law and Analysis**

Under 28 U.S.C. § 2255, a prisoner may move to vacate, set aside, or correct a sentence imposed by a federal court if: (1) the sentence "was imposed in violation of the Constitution or laws of the United States[;]" (2) "the court was without jurisdiction to impose such sentence[;]" (3) "the sentence was in excess of the maximum authorized by law[;]" or (4) the sentence "is otherwise subject to collateral attack." *United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012); 28 U.S.C. § 2255(a). "As the Supreme Court holds, [h]abeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" *United States v. Cooper*, 548 F. App'x 114, 115 (5th Cir. 2013) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

One transgression courts may consider on a 28 U.S.C. § 2255 motion is a claim for ineffective assistance of counsel. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). To state a successful claim of ineffective assistance of counsel, the defendant must demonstrate two things: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687

---

[2] Cooper submitted a motion to withdraw after Steadman filed his 28 U.S.C. § 2255 motion. *See* Record Document 335.

(1984). The petitioner bears the burden of proof of showing both prongs are met. *See id*.

"A criminal defendant has a Sixth Amendment right to assistance of counsel on appeal." *Washington v. United States*, No. 20-CV-845, 2021 WL 5774387 at *1 (N.D. Tex Nov. 3, 2021) (citing *United States v. Reinhart*, 357 F.3d 521, 525 (5th Cir. 2004)). Consistent with this right, a counsel's failure to file or perfect an appeal when the defendant requests one "amounts to such a dereliction of duty as to deprive the defendant of both the effective aid of counsel at a critical stage of the proceedings and the right to appeal." *Chapman v. United States*, 469 F.2d 634, 636 (5th Cir. 1972) (citation omitted). "[I]f privately retained counsel continues to represent his client until the appeal stage of the proceedings arrives, he can't be permitted simply to bow out without notice either to the court or the client and frustrate forever the right of the client to protect his vital interests." *Id.* (quoting *Atilus v. United States*, 406 F.2d 694, 696 (5th Cir. 1969)).

In this case, Cooper filed a Notice of Appeal on Steadman's behalf but took no further action. Cooper failed to pay the appellate filing fee or sign the Fifth Circuit's required transcript form. While Cooper maintains that she attempted to communicate with Steadman, her obligation to her client required additional steps to protect his constitutional right to an appeal. Cooper should have filed a motion to withdraw from her representation with the Fifth Circuit or with this Court so that the Office of the Federal Public Defender could be appointed to represent Steadman on appeal.[3] Cooper's failure

[3] The Court notes for the record that after Steadman's appeal was dismissed, Steadman filed a *pro se* motion to reduce his sentence based on the promulgation of Amendment 821 to the United States Sentencing Guidelines. *See* Record Document 294. At that time, pursuant to a standing procedural order,

to take the necessary steps to prevent the dismissal of Steadman's appeal denied him a direct appeal of his criminal conviction and amounts to ineffective assistance of counsel.

The Court notes that other district courts within the Fifth Circuit faced with similar circumstances have granted relief. *See United States v. Reliford*, No. 11-CR-0317, 2016 WL 3023330, at *2-3 (W.D. La. May 23, 2016) (relief granted where defense counsel filed a Notice of Appeal but failed to pay the filing fee or order transcripts); *United States v. Lara-Castro*, No. 09-1060, 2012 WL 12866312, at *3-5 (S.D. Tex. Nov. 9, 2012) (relief granted where counsel filed a Notice of Appeal and paid filing fee, but failed to complete the transcript order form).

To address this type of ineffective assistance of counsel claim, the Fifth Circuit has instructed district courts to dismiss the defendant's 28 U.S.C. § 2255 claim without prejudice, grant an out-of-time appeal, and reinstate the criminal judgment on the docket. *See United States v. Cong Van Pham*, 722 F.3d 320, 327 (5th Cir. 2013); *United States v. West*, 240 F.3d 456, 462 (5th Cir. 2001). The Court finds this procedure appropriate in this case.

## Conclusion

For the reasons assigned herein, **IT IS ORDERED** that Steadman's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Record Document 321] is **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that Steadman may pursue an out-of-time appeal;

---

this Court appointed the Federal Public Defender's Office to represent Steadman. *See* Record Document 295 at 2. The appointment was limited to Steadman's request for relief under Amendment 821. *See id.*

**IT IS FURTHER ORDERED** that Cooper's Motion to Withdraw her representation [Record Document 335] is **GRANTED**;

**IT IS FURTHER ORDERED** that Steadman be appointed counsel from the Office of the Federal Public Defender to assist him with filing his appeal; and

**IT IS FURTHER ORDERED** that Steadman's criminal judgment [Record Document 286] is to be **REINSTATED** on the docket. Steadman shall have **fourteen days** from the reinstatement to file a Notice of Appeal. *See* Fed. R. App. P. 4(b)(1)(A).

**THUS DONE AND SIGNED**, this 30th day of September, 2026.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE